## BUCHMAN v. HOLMGRAM.
### No. 13123.

Court of Civil Appeals of Texas.
Fort Worth.
March 1, 1935.

Julien C. Hyer and A. W. Christian, both of Fort Worth, for appellant.

W. A. Hawkins, of Fort Worth, for appellee.

BROWN, Justice.

Appellant is in the business of lending money. He loaned appellee $100 and at the time the loan was made, as a part of the transaction, required appellee to purchase a $10 coupon, supposed to be issued by Merchants' Coupon Service Company, of New York City.

The coupon gives the owner the right to buy $40 worth of undesignated merchandise and to apply the coupon toward the payment of $10 on the purchase thus made.

Appellee signed a bit of writing, saying she had purchased that day from the loan company a Merchants' Coupon Service Company coupon with a value of $10 which was issued by the said company, the purchase being from its fiscal agents.

The extra $10 was then incorporated in the note appellee executed, payable to appellant.

Appellant sued to recover the entire face of the note. Appellee answered with proper averments, showing that the extra $10 put into the note is usury and the coupon transaction a mere subterfuge; admitted owing the $100 with interest, and asked that judgment for only such sum and interest be rendered against her.

The case was tried to the court. No statement of facts is before us, but there are found findings of fact and conclusions of law.

The court found, among other matters, that the coupon was purchased by appellee at the solicitation of appellant and that the loan would not have been made if appellee had not applied for and accepted the coupon.

The court concluded that the appellant was not entitled to recover for the coupon because the defendant has not derived and will not derive any benefit from the coupon, and no damage has been or will be done appellant by reason of the issuance of same, and that there was no consideration for the $10 included in the note from the coupon transaction; and that appellant was entitled to judgment against appellee in the sum of $100 with 10 per cent. interest, from the date of the note.

Plaintiff below has appealed, because of his failing to recover the face of the note.

The findings and judgment of the trial court brand the transaction as one tainted with usury, and in which a subterfuge has been employed for the purpose of covering up the illegal contract.

The contract relating to the purchase of the coupon is too indefinite and uncertain to be binding upon either party. It is unilateral and unenforceable.

The judgment of the trial court is affirmed.